1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone:  (213) 430-3400
12  Facsimile:  (213) 430-3409
    michael.zellers@tuckerellis.com
13
14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

                UNITED STATES DISTRICT COURT
16
                NORTHERN DISTRICT OF CALIFORNIA
17
                   SAN FRANCISCO DIVISION
18

19  IN RE CELEBREX AND BEXTRA          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:08-cv-1856-CRB
    _____)
    _This document relates to_          )
21                                     )   **PFIZER INC., PHARMACIA**
    JACKIE LANCASTER and ROBERT RUSSELL,)  **CORPORATION, AND G.D.**
22                                     )   **SEARLE, LLC'S ANSWER TO**
              Plaintiffs,              )   **COMPLAINT**
23                                     )
           vs.                         )   **JURY DEMAND ENDORSED**
24                                     )   **HEREIN**
    PFIZER, INC., PHARMACIA CORPORATION,)
25  MONSANTO COMPANY, and G.D. SEARLE, )
    LLC,                               )
26                                     )
              Defendants.             )
27                                     )
    _____)
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC") ("Searle") (collectively "Defendants"), and file this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs were prescribed and used Bextra®.

## II.

## ANSWER

## Response to Allegations Regarding Parties

1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny that Plaintiffs are entitled to any relief or damages. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant. Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Bextra®. Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFFS' COMPLAINT at ¶ 6, Defendants assume Plaintiffs mean to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants admit that Searle is a Delaware limited liability company with its principal

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Bextra®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party in this matter. Defendants deny the remaining allegations in this paragraph of the Complaint. Defendants state that the response to this paragraph of the Complaint regarding Monsanto is incorporated by reference into Defendants' responses to each and every paragraph of the Complaint referring to Monsanto and/or Defendants.

7.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Jurisdiction and Venue**

8.      Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny committing a tort in the States of Mississippi and California, and deny the remaining allegations in this paragraph of the Complaint.

11.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants admit that they do business in the State of California.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Interdistrict Assignment**

12.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. And Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' medical condition and whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

14.     Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the Complaint.

15.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny remaining the allegations in this paragraph of the Complaint.

16.     Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its

1   FDA-approved prescribing information, which was at all times adequate and comported with

2   applicable standards of care and law.   Defendants deny the remaining allegations in this

3   paragraph of the Complaint.

4   17.     The allegations in this paragraph of the Complaint are not directed toward Defendants

5   and, therefore, no response is required.   To the extent a response is deemed required,

6   Defendants state that Plaintiffs fail to provide the proper context for the allegations in this

7   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

8   form a belief as to the truth of such allegations and, therefore, deny the same.

9   18.     The allegations in this paragraph of the Complaint are not directed toward Defendants

10  and, therefore, no response is required.   To the extent a response is deemed required,

11  Defendants state that Plaintiffs fail to provide the proper context for the allegations in this

12  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

13  form a belief as to the truth of such allegations and, therefore, deny the same.

14  19.     The allegations in this paragraph of the Complaint are not directed toward Defendants

15  and, therefore, no response is required.   To the extent a response is deemed required,

16  Defendants state that Plaintiffs fail to provide the proper context for the allegations in this

17  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

18  form a belief as to the truth of such allegations and, therefore, deny the same.

19  20.     The allegations in this paragraph of the Complaint are not directed toward Defendants

20  and, therefore, no response is required.   To the extent a response is deemed required,

21  Defendants state that Plaintiffs fail to provide the proper context for the allegations in this

22  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

23  form a belief as to the truth of such allegations and, therefore, deny the same.

24  21.     Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

25  Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth

26  of such allegations and, therefore, deny the same.

27  22.     Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are

28  vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-7-

the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

23.    Plaintiffs do not allege having used Celebrex® in this Complaint. Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

24.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

25.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

26.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

27.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   information to form a belief as to the truth of such allegations, and, therefore, deny the same.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint.

4   29.     Defendants state that the referenced article speaks for itself and respectfully refer the

5   Court to the article for its actual language and text.  Any attempt to characterize the article is

6   denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

8   this paragraph of the Complaint.

9   30.     The allegations in this paragraph of the Complaint are not directed towards Defendants

10  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

11  state that the referenced article speaks for itself and respectfully refer the Court to the article for

12  its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

13  the remaining allegations in this paragraph of the Complaint.

14  31.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA

15  on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November

16  16, 2001.  Defendants deny any wrongful conduct and the remaining allegations in this

17  paragraph of the Complaint.

18  32.     Defendants state that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which at all times was adequate and comported with applicable standards of care and law.

22  Defendants deny the allegations in this paragraph of the Complaint.

23  33.     Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

24  respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to

25  characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this

26  paragraph of the Complaint.

27  34.     Defendants state that the referenced article speaks for itself and respectfully refer the

28  Court to the article for its actual language and text.  Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2    35.    Plaintiffs fail to provide the proper context for the allegations concerning the "post-drug

3    approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without

4    sufficient information to confirm or deny such allegations and, therefore, deny the same.

5    Defendants state that the referenced study speaks for itself and respectfully refer the Court to

6    the study for its actual language and text.  Any attempt to characterize the study is denied.

7    Defendants deny the remaining allegations in this paragraph of the Complaint.

8    36.    The allegations in this paragraph of the Complaint are not directed towards Defendants

9    and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

10    state that the referenced article speaks for itself and respectfully refer the Court to the article for

11    its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

12    the remaining allegations in this paragraph of the Complaint.

13    37.    The allegations in this paragraph of the Complaint are not directed towards Defendants

14    and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

15    admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

16    Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the

17    referenced testimony speaks for itself and respectfully refer the Court to the testimony for its

18    actual language and text.  Any attempt to characterize the testimony is denied.  Defendants

19    deny the remaining allegations in this paragraph of the Complaint.

20    38.    Defendants state that Bextra® was and is safe and effective when used in accordance

21    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

22    deny the remaining allegations in this paragraph of the Complaint.

23    39.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

24    and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

25    and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

26    Defendants deny the remaining allegations in this paragraph of the Complaint.

27    40.    Defendants state that Plaintiffs fail to provide the proper context for the allegations in

28    this paragraph of the Complaint.   Defendants therefore lack sufficient information or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

2    41.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

3    and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

4    and text.    Any attempt to characterize the Alert for Healthcare Professionals is denied.

5    Defendants deny the remaining allegations in this paragraph of the Complaint.

6    42.    Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.    Defendants deny the allegations in this

8    paragraph of the Complaint.

9    43.    The allegations in this paragraph of the Complaint are not directed towards Defendants

10   and, therefore, no response is necessary.    Should a response be deemed necessary, Defendants

11   state that the referenced article speaks for itself and respectfully refer the Court to the article for

12   its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny

13   the remaining allegations in this paragraph of the Complaint.

14   44.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.    Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny the allegations in this paragraph of the Complaint.

19   45.    Defendants state that Bextra® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.    Defendants state that the potential effects of

21   Bextra® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

24   allegations in this paragraph of the Complaint.

25   46.    Defendants state that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.    Defendants state that the potential effects of

27   Bextra® were and are adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    47.    Defendants deny the allegations in this paragraph of the Complaint.

4    48.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

6    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

7    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

8    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

9    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

10   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

11   effective when used in accordance with its FDA-approved prescribing information.  Defendants

12   state that the potential effects of Bextra® were and are adequately described in its FDA-

13   approved prescribing information, which was at all times adequate and comported with

14   applicable standards of care and law.  Defendants are without knowledge or information

15   sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used

16   Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

17   allegations in this paragraph of the Complaint.

18   49.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

19   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

20   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

21   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

22   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

23   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

24   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

25   effective when used in accordance with its FDA-approved prescribing information.  Defendants

26   state that the potential effects of Bextra® were and are adequately described in its FDA-

27   approved prescribing information, which was at all times adequate and comported with

28   applicable standards of care and law.  Defendants deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

paragraph of the Complaint.

50.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

51.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

52.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

53.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

54.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

55.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

56.     Defendants deny the allegations in this paragraph of the Complaint.

57.     Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

58.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

59.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

2    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

3    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

4    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

5    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

6    paragraph of the Complaint.

7    63.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

9    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

10   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

11   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

12   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

13   accordance with their approval by the FDA.  Defendants admit, as indicated in the package

14   insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

15   symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

16   primary dysmenorrhea.  Defendants deny any wrongful conduct and deny the remaining

17   allegations in this paragraph of the Complaint.

18   64.    Defendants state that Bextra® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendants state that the potential effects of

20   Bextra® were and are adequately described in its FDA-approved prescribing information,

21   which was at all times adequate and comported with applicable standards of care and law.

22   Defendants are without knowledge or information sufficient to form a belief as to the truth of

23   the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same.

24   Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

25   caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

26   Complaint.

27   65.    Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Bextra® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants are without knowledge or information sufficient to form a belief as to the truth of

4    the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same.

5    Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

6    ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

7    such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

8    that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the

9    remaining allegations in this paragraph of the Complaint.

10                    **Response to First Cause of Action: Negligence**

11   66.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

12   Complaint as if fully set forth herein.

13   67.    Defendants state that this paragraph of the Complaint contains legal contentions to

14   which no response is deemed required.    To the extent a response is deemed required,

15   Defendants admit that they had duties as are imposed by law but deny having breached such

16   duties.  Defendants state that the potential effects of Bextra® were and are adequately described

17   in its FDA-approved prescribing information, which was at all times adequate and comported

18   with applicable standards of care and law.  Defendants state that Bextra® was and is safe and

19   effective when used in accordance with its FDA-approved prescribing information.  Defendants

20   deny the remaining allegations in this paragraph of the Complaint.

21   68.    Defendants state that this paragraph of the Complaint contains legal contentions to

22   which no response is deemed required.    To the extent a response is deemed required,

23   Defendants admit that they had duties as are imposed by law but deny having breached such

24   duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

26   this paragraph of the Complaint.

27   69.    Defendants state that this paragraph of the Complaint contains legal contentions to

28   which no response is required.  To the extent that a response is deemed required, Defendants

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-18-

1   admit that they had duties as are imposed by law but deny having breached such duties.

2   Defendants state that Bextra® was and is safe and effective when used in accordance with its

3   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

4   were and are adequately described in its FDA-approved prescribing information, which was at

5   all times adequate and comported with applicable standards of care and law.  Defendants deny

6   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

7   including all subparts.

8   70.     Defendants state that Bextra® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Bextra® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants are without knowledge or information sufficient to form a belief as to the truth of

13  the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.

16  71.     Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Bextra® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21  the Complaint.

22  72.     Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

24  that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this

25  paragraph of the Complaint.

26  73.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

27  damage, and deny the remaining allegations in this paragraph of the Complaint.

28  74.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   damage and deny the remaining allegations in this paragraph of the Complaint.

2   75.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

3   damage, and deny the remaining allegations in this paragraph of the Complaint.

4                   **Response to Second Cause of Action: Strict Liability**

5   76.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

6   Complaint as if fully set forth herein.

7   77.     Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

9   same.  Defendants admit that Bextra® was expected to reach consumers without substantial

10  change in the condition from the time of sale.  Defendants state that Bextra® was and is safe

11  and effective when used in accordance with its FDA-approved prescribing information.

12  Defendants state that the potential effects of Bextra® were and are adequately described in its

13  FDA-approved prescribing information, which was at all times adequate and comported with

14  applicable standards of care and law.  Defendants admit that, during certain periods of time,

15  Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

16  by healthcare providers who are by law authorized to prescribe drugs in accordance with their

17  approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

18  manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

19  distributed Bextra® in the United States to be prescribed by healthcare providers who are by

20  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

21  deny the remaining allegations in this paragraph of the Complaint.

22  78.     Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny the allegations in this paragraph of the Complaint.

27  79.     Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

80.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.  To the extent a response is deemed required, Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

81.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.  To the extent a response is deemed required, Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

82.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

83.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   with its FDA-approved prescribing information. Defendants state that the potential effects of

2   Bextra® were and are adequately described in its FDA-approved prescribing information,

3   which was at all times adequate and comported with applicable standards of care and law.

4   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

5   allegations in this paragraph of the Complaint.

6   84.    Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

8   same. Defendants state that Bextra® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information. Defendants state that the potential effects of

10  Bextra® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

13  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

14  authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

15  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

16  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

17  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

18  with their approval by the FDA. Defendants deny any wrongful conduct, deny that Bextra® is

19  defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining

20  allegations in this paragraph of the Complaint.

21  85.    Defendants state that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information. Defendants state that the potential effects of

23  Bextra® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny the remaining allegations in this paragraph of the Complaint.

26  86.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

28  same. Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    with its FDA-approved prescribing information.  Defendants state that the potential effects of

2    Bextra® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendants deny the remaining allegations in this paragraph of the Complaint.

5    87.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

7    deny the remaining allegations in this paragraph of the Complaint.

8    88.    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

10   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Bextra® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph

15   of the Complaint.

16   89.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

17   damage, and deny the remaining allegations in this paragraph of the Complaint.

18   90.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

19   damage, and deny the remaining allegations in this paragraph of the Complaint.

20   91.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

21   damage, and deny the remaining allegations in this paragraph of the Complaint.

22   **Response to Third Cause of Action: Breach of Express Warranty**

23   92.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

24   Complaint as if fully set forth herein.

25   93.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

27   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

94.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

95.     Defendants deny the allegations in this paragraph of the Complaint.

96.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

97.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

98.     Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

99.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

102.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

103.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

112.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Complaint as if fully set forth herein.

2    113.    Defendants state that this paragraph of the Complaint contains legal contentions to

3    which no response is deemed required.    To the extent a response is deemed required,

4    Defendants admit that they had duties as are imposed by law but deny having breached such

5    duties.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.    Defendants state that the potential effects of

7    Bextra® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny the remaining allegations in this paragraph of the Complaint.

10    114.    Defendants state that Bextra® was and is safe and effective when used in accordance

11    with its FDA-approved prescribing information.    Defendants state that the potential effects of

12    Bextra® were and are adequately described in its FDA-approved prescribing information,

13    which was at all times adequate and comported with applicable standards of care and law.

14    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15    the Complaint, including all subparts.

16    115.    Defendants state that Bextra® was and is safe and effective when used in accordance

17    with its FDA-approved prescribing information.    Defendants state that the potential effects of

18    Bextra® were and are adequately described in its FDA-approved prescribing information,

19    which was at all times adequate and comported with applicable standards of care and law.

20    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21    the Complaint.

22    116.    Defendants state that Bextra® was and is safe and effective when used in accordance

23    with its FDA-approved prescribing information.    Defendants state that the potential effects of

24    Bextra® were and are adequately described in its FDA-approved prescribing information,

25    which was at all times adequate and comported with applicable standards of care and law.

26    Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

27    dangerous, and deny the remaining allegations in this paragraph of the Complaint.

28    117.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the Complaint.

124.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

127.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

128.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1     this paragraph of the Complaint.

2     132.    Defendants are without knowledge or information sufficient to form a belief as to the

3     truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

4     same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

5     damage, and deny the remaining allegations in this paragraph of the Complaint.

6     133.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

7     damage, and deny the remaining allegations in this paragraph of the Complaint.

8     **Response to Prayer for Relief**

9     Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

10     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage,

11     and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

12     **III.**

13     **GENERAL DENIAL**

14     Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

15     Complaint that have not been previously admitted, denied, or explained.

16     **IV.**

17     **AFFIRMATIVE DEFENSES**

18     Defendants reserve the right to rely upon any of the following or additional defenses to

19     claims asserted by Plaintiffs to the extent that such defenses are supported by information

20     developed through discovery or evidence at trial.  Defendants affirmatively show that:

21     **First Defense**

22     1.    The Complaint fails to state a claim upon which relief can be granted.

23     **Second Defense**

24     2.    Bextra® is a prescription medical product.  The federal government has preempted the

25     field of law applicable to the labeling and warning of prescription medical products.

26     Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

27     federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

28     which relief can be granted; such claims, if allowed, would conflict with applicable federal law

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    and violate the Supremacy Clause of the United States Constitution.

2    ### Third Defense

3    3.    At all relevant times, Defendants provided proper warnings, information and

4    instructions for the drug in accordance with generally recognized and prevailing standards in

5    existence at the time.

6    ### Fourth Defense

7    4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

8    Bextra® conformed to the generally recognized, reasonably available, and reliable state of

9    knowledge at the time the drug was manufactured, marketed and distributed.

10    ### Fifth Defense

11    5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the

12    applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

13    ### Sixth Defense

14    6.    Plaintiffs' action is barred by the statute of repose.

15    ### Seventh Defense

16    7.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the

17    Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs'

18    damages, if any, are barred or reduced by the doctrines of comparative fault and contributory

19    negligence and by the failure to mitigate damages.

20    ### Eighth Defense

21    8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

22    omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

23    part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

24    liable in any way.

25    ### Ninth Defense

26    9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

27    intervening causes for which Defendants cannot be liable.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.   Bextra® is a prescription medical product, available only on the order of a licensed physician.   Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

### Thirteenth Defense

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.     Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

### Fifteenth Defense

15.     Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.     If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling,

abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

### Seventeenth Defense

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Nineteenth Defense

19.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

### Twenty-third Defense

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

### Twenty-fourth Defense

2    24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

3    action concerning matters regulated by the Food and Drug Administration under applicable

4    federal laws, regulations, and rules.

5

### Twenty-fifth Defense

6    25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

7    "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

8    of Comment j to Section 402A of the Restatement (Second) of Torts.

9

### Twenty-sixth Defense

10   26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

11   because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

12   Restatement (Second) of Torts § 402A, Comment k.

13

### Twenty-seventh Defense

14   27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

15   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

16   to § 6 of the Restatement (Third) of Torts: Products Liability.

17

### Twenty-eighth Defense

18   28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

19   Products Liability.

20

### Twenty-ninth Defense

21   29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

22   facts sufficient under the law to justify an award of punitive damages.

23

### Thirtieth Defense

24   30.    The imposition of punitive damages in this case would violate Defendants' rights to

25   procedural due process under the Fourteenth Amendment of the United States Constitution, the

26   Constitutions of the States of Mississippi and California, and would additionally violate

27   Defendants' right to substantive due process under the Fourteenth Amendment of the United

28   States Constitution.

1

**Thirty-first Defense**

2

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

3

Fourteenth Amendments to the United States Constitution.

4

**Thirty-second Defense**

5

32.    The imposition of punitive damages in this case would violate the First Amendment to

6

the United States Constitution.

7

**Thirty-third Defense**

8

33.    Plaintiffs' punitive damage claims are preempted by federal law.

9

**Thirty-fourth Defense**

10

34.    In the event that reliance was placed upon Defendants' nonconformance to an express

11

representation, this action is barred as there was no reliance upon representations, if any, of

12

Defendants.

13

**Thirty-fifth Defense**

14

35.    Plaintiffs    failed    to    provide    Defendants    with    timely    notice    of    any    alleged

15

nonconformance to any express representation.

16

**Thirty-sixth Defense**

17

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without

18

proof of causation, the claims violate Defendants' rights under the United States Constitution.

19

**Thirty-seventh Defense**

20

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

21

labeling with respect to the subject pharmaceutical products were not false or misleading and,

22

therefore, constitute protected commercial speech under the applicable provisions of the United

23

States Constitution.

24

**Thirty-eighth Defense**

25

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

26

caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

27

law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

28

protections afforded by the United States Constitution, the excessive fines clause of the Eighth

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-35-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Amendment of the United States Constitution, the Commerce Clause of the United States

2   Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

3   Constitutions of the States of Mississippi and California.  Any law, statute, or other authority

4   purporting to permit the recovery of punitive damages in this case is unconstitutional, facially

5   and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient

6   standards to guide and restrain the jury's discretion in determining whether to award punitive

7   damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate

8   advance notice as to what conduct will result in punitive damages; (3)  permits recovery of

9   punitive damages based on out-of-state conduct, conduct that complied with applicable law, or

10  conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits

11  recovery of punitive damages in an amount that is not both reasonable and proportionate to the

12  amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5)

13  permits jury consideration of net worth or other financial information relating to Defendants;

14  (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict

15  review of any punitive damages awards; (7) lacks constitutionally sufficient standards for

16  appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court

17  precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1

18  (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North*

19  *America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*,

20  538 U.S. 408 (2003).

21                          **Thirty-ninth Defense**

22  39.     The methods, standards, and techniques utilized with respect to the manufacture, design,

23  and marketing of Bextra®, if any, used in this case, included adequate warnings and

24  instructions with respect to the product's use in the package insert and other literature, and

25  conformed to the generally recognized, reasonably available, and reliable state of the

26  knowledge at the time the product was marketed.

27                          **Fortieth Defense**

28  40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested,

manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  applicable codes, standards and regulations established, adopted, promulgated or approved by

2  any applicable regulatory body, including but not limited to the United States, any state, and

3  any agency thereof.

### Forty-eighth Defense

4

5  48.     The claims must be dismissed because Plaintiffs would have taken Bextra® even if the

6  product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

7

8  49.     The claims asserted in the Complaint are barred because the utility of Bextra®

9  outweighed its risks.

### Fiftieth Defense

10

11  50.     Plaintiffs' damages, if any, are barred or limited by the payments received from

12  collateral sources.

### Fifty-first Defense

13

14  51.     Defendants' liability, if any, can only be determined after the percentages of

15  responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

16  any, are determined.   Defendants seek an adjudication of the percentage of fault of the

17  claimants and each and every other person whose fault could have contributed to the alleged

18  injuries and damages, if any, of Plaintiffs.

### Fifty-second Defense

19

20  52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

21  common law gives deference to discretionary actions by the United States Food and Drug

22  Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

23

24  53.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

25  comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

26  ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs'

27  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

28  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    and with the specific determinations by FDA specifying the language that should be used in the

2    labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the

3    Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

4    United States.

### Fifty-fourth Defense

6    54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particulary

7    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

9    55.    Defendants state on information and belief that the Complaint and each purported cause

10   of action contained therein is barred by the statutes of limitations contained in California Code

11   of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

12   may apply.

### Fifty-sixth Defense

14   56.    Defendants state on information and belief that any injuries, losses, or damages suffered

15   by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

16   conduct of persons or entities other than Defendants.    Therefore, Plaintiffs' recovery against

17   Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

19   57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

20   Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

21   Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

22   damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

24   58.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs'

25   claims are barred because Defendants did not make or breach any express or implied

26   warranties, Plaintiffs failed to give reasonable notice to Defendants of any alleged breach or

27   breaches of warranty as required by Miss. Code Ann § 75-2-607(3)(a).

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Fifty-ninth Defense**

59.     Any verdict or judgment rendered against Defendant must be reduced under the laws of the State of Mississippi by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, such as insurance, social security, worker's compensation, or employee benefits programs.  Plaintiffs may have settled their claims for alleged injuries and damages with certain parties.  Defendants therefore are, in any event, entitled to a credit in the amount of any such settlement heretofore made between Plaintiffs and any such parties.

**Sixtieth Defense**

60.     Plaintiffs' claims for punitive damages are limited or barred by the standards governing exemplary damage awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper* Industries*, Inc., v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (U.S. 2003), or the Mississippi Constitution, statutes, and decisions of Mississippi courts.

**Sixty-first Defense**

61.     Defendant asserts that Plaintiffs' claim for punitive damages is governed and limited by Miss. Code Ann. § 11-1-65, and Defendants hereby plead and invoke the provisions of the same.

**Sixty-second Defense**

62.     Bextra® and the Defendants' actions conformed to the state of the art medical and scientific knowledge at all times relevant to this lawsuit and Bextra® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

**Sixty-third Defense**

63.     Defendants satisfied their duty to warn under the learned intermediary doctrine and Plaintiffs' claims are therefore barred.

**Sixty-fourth Defense**

64.     Defendants hereby plead all defenses contained in Miss. Code Ann. § 11-1-63 and

1  hereby invoke the provisions of Miss. Code Ann. § 85-5-7.

2  **Sixty-fifth Defense**

3  65.    Plaintiffs failed to join all indispensable parties; as a result of such failure to join,

4  complete relief cannot be accorded to those already parties to the action and will result in

5  prejudice to Defendant in any possible future litigation.

6  **Sixty-sixth Defense**

7  66.    Any judicially-created definitions of manufacturing defect and design defect, and

8  standards for determining whether there has been an actionable failure to ward, are

9  unconstitutional in that, among other things, they are void for vagueness and undue burden on

10  interstate commerce, as well as an impermissible effort to regulate in an area that previously has

11  been preempted by the federal government.

12  **Sixty-seventh Defense**

13  67.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

14  Defendants, no act or omission was oppressive, fraudulent, or malicious, and, therefore, any

15  award of punitive damages is barred.

16  **Sixty-eighth Defense**

17  68.    Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring

18  such claims.

19  **Sixty-ninth Defense**

20  69.    Defendants reserve the right to supplement their assertion of defenses as they continue

21  with their factual investigation of Plaintiffs' claims.

22  **V.**

23  **PRAYER**

24  WHEREFORE, Defendants pray for judgment as follows:

25  1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

26  2.    That the Complaint be dismissed;

27  3.    That Defendants be awarded their costs for this lawsuit;

28  4.    That the trier of fact determine what percentage of the combined fault or other liability

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

May 15, 2008                                     GORDON & REES LLP


                                                 By: : _____/s/_____
                                                     Stuart M. Gordon
                                                     sgordon@gordonrees.com
                                                     Embarcadero Center West
                                                     275 Battery Street, 20th Floor
                                                     San Francisco, CA 94111
                                                     Telephone:  (415) 986-5900
                                                     Fax:  (415) 986-8054


May 15, 2008                                     TUCKER ELLIS & WEST LLP


                                                 By: : _____/s/_____
                                                     Michael C. Zellers
                                                     michael.zellers@tuckerellis.com
                                                     515 South Flower Street, Suite 4200
                                                     Los Angeles, CA  90071-2223
                                                     Telephone:  (213) 430-3400
                                                     Fax:  (213) 430-3409

                                                     Attorneys for Defendants
                                                     PFIZER INC., PHARMACIA
                                                     CORPORATION, AND G.D. SEARLE
                                                     LLC

ANSWER TO COMPLAINT – 3: 08-cv-1856-CRB

## JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

May 15, 2008                                        GORDON & REES LLP


By::_____/s/_____
Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA  94111
Telephone:  (415) 986-5900
Fax:  (415) 986-8054

May 15, 2008                                        TUCKER ELLIS & WEST LLP


By: :_____/s/_____
Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Fax:  (213) 430-3409

Attorneys for Defendants
PFIZER INC., PHARMACIA
CORPORATION, AND G.D. SEARLE
LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111